**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION**

| | | |
|---|---|---|
| STACEY WISE, Individually and as Independent Administrator of the Estate of TED WISE, Deceased, | ) ) ) ) | |
| Plaintiff, | ) ) | Case No.: 23-cv-50364 |
| v. | ) ) | Judge Iain Johnston |
| | ) | Magistrate Schneider |
| WINNEBAGO COUNTY SHERIFF GARY CARUANA, Individually and in his official capacity, ROBERT REDMOND, Individually and in his official capacity as Superintendent of the Winnebago County Jail, DR. MITCHELL KING, Individually and in his official capacity as Medical Director of the Medical Clinic at Winnebago County Jail; Correctional Officers JARED PETRUS, BENY RIVERA, GAZANO, BRIAN MIELKE JASON SWISHER, CHRIS LEWIS, MANUEL MONTOYA, BRIAN JOHNSON, KEN BROWN JAKE ROBERTS, MICHAEL MARCHINI, CHRIS LALOWSKI, PHILIP HAWKS, TIMOTHY BISHOP, MICHAEL WILSON, CHRISTOPHER MEYERS, ALLISON LISNEY, LLYAS NOMANI TYLER ATCHLEY, JENNY ZAMMUTO-WILLIAMS, ANTHONY ENNA, LUIS MUNOZ, RONALD BERES, OFFICER CISNEROS, JAKE ROBERTS, OFFICER MORRIS; Nurses DAWN GRENOBLE, SHANNON BAILEY AMY HALL, MARY SPERRY, ALISHA DEJONG CAITLIN PORTER, CAROLINA ZARATE, RYAN VANDENBUSCH, GLORIA ENNENBACH, ANN JANSSEN, JANNA LISTON, AMY HALL, LIZ HARING, ALEX VICENCIO, MONA COYLE, ASHLEY DENNY, SHAUNA LINDWALL, LYANNE HIKE, WENDY SLICK; and KELLY ROSENBERGER, Individually and in her official capacity as Director of University of Illinois at Chicago, Rockford Regional Nursing Program and WINNEBAGO COUNTY, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | **JURY DEMANDED** |

1

## FIRST AMENDED COMPLAINT

NOW COMES the Plaintiff, STACEY WISE, Individually and as Independent Administrator of the Estate of TED WISE, Deceased, by and through her attorneys, ERICKSON LAW, LLC and MDR LAW LLC, and complaining against the Defendants, WINNEGAGO COUNTY; WINNEBAGO COUNTY SHERIFF GARY CARUANA, Individually and in his official capacity; ROBERT REDMOND, Individually and in his official capacity as Superintendent of the Winnebago County Jail, DR. MITCHELL KING, Individually and in his official capacity as Medical Director of the Medical Clinic at the Winnebago County Jail; Correctional Officers JARED PETRUS, BENY RIVERA, OFFICER GAZANO, OFFICER CISNEROS, OFFICER MORRIS, BRIAN MIELKE, JASON SWISHER, CHRIS LEWIS, MANUEL MONTOYA, BRIAN JOHNSON, KEN BROWN, JAKE ROBERTS, MICHAEL MARCHINI, CHRIS LALOWSKI, PHILIP HAWKS, TIMOTHY BISHOP, MICHAEL WILSON, CHRISTOPHER MEYERS, ALLISON LISNEY, LLYAS NOMANI, TYLER ATCHLEY, JENNY ZAMMUTO-WILLIAMS, ANTHONY ENNA, LUIS MUNOZ, RONALD BERES, and UNKNOWN CORRECTIONAL OFFICERS in their individual capacities; Nurses DAWN GRENOBLE, SHANNON BAILEY, AMY HALL, MARY SPERRY, ALISHA DEJONG, CAITLIN PORTER, CAROLINA ZARATE, RYAN VANDENBUSCH, GLORIA ENNENBACH, ANN JANSSEN, JANNA LISTON, AMY HALL, LIZ HARING, ALEX VICENCIO, MONA COYLE, ASHLEY DENNY, SHAUNA LINDWALL, LYANNE HIKE, WENDY SLICK, in their individual capacities; KELLY ROSENBERGER, Individually and in her official capacity as Director of University of Illinois at Chicago, Rockford Regional Nursing Program, hereby states as follows:

## INTRODUCTION

1.     This action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation under

2

the color of law of TED WISE's rights as secured by the United States Constitution.

2.      On or about the night of October 31, 2022, Mr. Wise was taken into custody on a misdemeanor bond-forfeiture warrant, which was issued out of Winnebago County. Mr. Wise was 52 years old and in obvious poor health when he was placed in the care and custody of the Winnebago County Sheriff and Winnebago County Jail as a pre-trial detainee. Mr. Wise suffered from alcohol dependence syndrome, high blood pressure, was HIV positive and required a wheelchair and/or a walker. Over the course of seven brutal days, the Winnebago County Jail medical and correctional staff ignored Mr. Wise's vomiting, sweating, hiccupping, uncontrollable shaking, the constant removal of his uniform as his body temperature fluctuated, and otherwise clearly deteriorating medical condition, despite repeated and desperate pleas for medical care from Mr. Wise, his cellmate, other inmates and Plaintiff, STACEY WISE.  On November 6, 2022, while begging for help, Mr. Wise collapsed in his cell and was pronounced dead at Winnebago County Jail.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction of the action pursuant to 28 U.S.C. §§ 1331 and 1367.

4.      Venue is proper under 28 U.S.C. § 1391(b). On information and belief, all parties reside in this judicial district.

## THE PARTIES

5.      Plaintiff is a resident of the Northern District of Illinois.  Plaintiff sues on behalf of the Estate of her father, TED WISE, who at all relevant times was a detainee at the Winnebago County Jail and at the time of his death. TED WISE is survived by his daughter, Stacey Wise and his son, Craig Wise.

6.      Defendants, the individually named Correctional Officers JARED PETRUS, BENY RIVERA, OFFICER GAZANO, OFFICER CISNEROS, OFFICER MORRIS, BRIAN MIELKE,

JASON SWISHER, CHRIS LEWIS, MANUEL MONTOYA, BRIAN JOHNSON, KEN BROWN, JAKE ROBERTS, MICHAEL MARCHINI, CHRIS LALOWSKI, PHILIP HAWKS, TIMOTHY BISHOP, MICHAEL WILSON, CHRISTOPHER MEYERS, ALLISON LISNEY, LLYAS NOMANI, TYLER ATCHLEY, JENNY ZAMMUTO-WILLIAMS, ANTHONY ENNA, LUIS MUNOZ, RONALD BERES and UKNOWN CORRECTIONAL OFFICERS were, at all relevant times hereto, employed by Winnebago County as correctional officers at Winnebago County Jail acting under color of law and within the scope of their employment. These defendants are sued in their individual capacity.

7.      Defendants nurses, DAWN GRENOBLE, SHANNON BAILEY, AMY HALL, MARY SPERRY, ALISHA DEJONG, CAITLIN PORTER, CAROLINA ZARATE, RYAN VANDENBUSCH, GLORIA ENNENBACH, ANN JANSSEN, JANNA LISTON, AMY HALL, LIZ HARING, ALEX VICENCIO, MONA COYLE, ASHLEY DENNY, SHAUNA LINDWALL, LYANNE HIKE, WENDY SLICK and medical employees were at all relevant times employed by UICCON-R  and/or Winnebago County and had the responsibility to provide evaluation, care, treatment, and  medication to detainees incarcerated at the Winnebago County Jail. These defendants are sued in  their individual capacity. The nurses were acting as agents of and in service of Winnebago County at all relevant times.

8.      The Board of Trustees of the University of Illinois is party to a Health Services Agreement to provide various health related services for prisoners at Winnebago County Jail.

9.      At all relevant times, Defendant, WINNEBAGO COUNTY SHERIFF GARY CARUANA, was the Sheriff of Winnebago County Jail responsible for the maintenance and operation of the Winnebago County Jail and policies relating to the same, including, without limitation, those policies related to providing adequate medical care to the detainees in his custody. He is sued in his individual and official capacities.

4

10. On or about November 1, 2022, through and including, November 6, 2022, and at all times relevant to the events at issue in this case, Defendant, WINNEBAGO COUNTY SHERIFF GARY CARUANA, promulgated rules, regulations, policies, and procedures as Sheriff of Winnebago County Jail for the provision of certain medical care by medical personnel and correctional officers, including administration of medication, to detainees at the Winnebago County Jail. Defendant, WINNEBAGO COUNTY SHERIFF GARY CARUANA's policies were implemented by and through jail employees and contractors, including, the individual Defendant Officers and individual Defendant Medical Care Providers, who were responsible for the medical care of detainees at Winnebago County Jail.

11. At all relevant times, Defendant, WINNEBAGO COUNTY SHERIFF GARY CARUANA, promulgated rules, regulations, policies, and procedures as Sheriff for the training, supervision, and discipline of correctional officers and medical personnel with respect to: (1) communicating, or failing to communicate, detainee requests for medication or medical attention to medical care personnel; (2) alerting, or failing to alert, medical care personnel to detainees' medical needs; and (3) providing, or failing to provide, medication or medical attention to detainees. Defendant, WINNEBAGO COUNTY SHERIFF GARY CARUANA'S policies were implemented by and through jail employees and contractors including the individual Defendant Officers and individual Defendant Medical Care Providers, who were responsible for the medical care of detainees at Winnebago County Jail.

12. At all times relevant to the events at issue in this case, Defendant, WINNEBAGO COUNTY SHERIFF GARY CARUANA, as Sheriff of Winnebago County, was the final policymaker for the Winnebago County Sheriff's Department and the Winnebago County Jail.

13. At all relevant times, Defendant, ROBERT REDMOND, was employed by the Winnebago County Sheriff's Department as Superintendent of the Winnebago County Jail. As

such, Defendant, ROBERT REDMOND, was acting under color of law and is sued in his individual and official capacity.

14.    At all relevant times, Defendant, DR. MITCHELL KING, was the Medical Director at the Winnebago County Jail. As such, he was responsible for the training and supervision of all medical personnel at the Winnebago County Jail and for providing evaluation, care, treatment, and medication to detainees incarcerated at the Winnebago County Jail. Defendant, DR. MITCHELL KING, is sued in his individual and official capacity.

15.     At all relevant times, Defendant, KELLY ROSENBERGER, was the Director of University of Illinois at Chicago, Rockford Regional Nursing Program. Defendant, KELLY ROSENBERGER, was responsible for all training and supervision of the nursing and nursing support staff at the Winnebago County Jail.

16.    Defendant, WINNEBAGO COUNTY, was, at all relevant times, incorporated and organized as a "unit of local government" in the State of Illinois pursuant to Article VIII of the Illinois State Constitution and is named as a party pursuant to the indemnification requirements of 745 ILCS 10/9-10.

**FACTS**

17.    On or about the night of October 31, 2022, TED WISE (hereinafter referred to as "Plaintiff's Decedent"), was taken into custody on a misdemeanor bond-forfeiture warrant, which was issued out of Winnebago County.

18.    Plaintiff's Decedent suffered from alcohol dependence syndrome, high blood pressure and was HIV positive. Plaintiff's Decedent required daily doses of medicines to control his medical conditions.

19.    Soon after entering the Winnebago County Jail, Plaintiff's Decedent began to exhibit obvious signs of alcohol withdrawal and on November 1, 2022, Plaintiff's Decedent

6

informed Defendant, NURSE SHANNON BAILEY and other named Defendant nurses, at the Winnebago County Jail that he required at least twelve cans of beer each day and/or of his alcohol dependence syndrome. As of November 1, 2022, staff at the Winnebago County Jail knew or should have known that Plaintiff's Decedent had a history of substance and alcohol abuse.

20.     On November 2, 2022, Plaintiff, STACEY WISE, TED WISE's daughter, delivered his high blood pressure and HIV medications to officials at the Winnebago County Jail and informed Winnebago County Jail officials that Plaintiff's Decedent required daily doses of both medications.

21.     On November 2, 2022, Defendant, NURSE SHANNON BAILEY, completed a jail Classification/PREA Risk Assessment Interview with Plaintiff's Decedent. Defendant, NURSE SHANNON BAILEY, stated in the form that Plaintiff's Decedent required medication, yet failed to specify the type, dose or frequency and otherwise failed to adequately conduct the PREA Risk Assessment.

22.     At all relevant times, and despite Plaintiff's Decedent's consistent requests and the requests of other inmates, the above-named Defendant Nurses, unknown Defendant Nurses and other medical staff failed to provide Plaintiff's Decedent with any of his prescribed and necessary medications.

23.     On or about November 5, 2022, as Plaintiff's Decedent's medical condition continued to rapidly decline, his vomit began to appear black in color. At that time, his cellmate asked Defendant, JARED PETRUS and other named Defendant Correctional Officers for immediate medical attention for Plaintiff's Decedent, telling Defendant, JARED PETRUS and other named Defendant Correctional Officers, that his physical health was rapidly deteriorating. Defendant, JARED PETRUS, ignored the requests for immediate medical attention.

24.     On or about November 6, 2022, inmate, Gregory McNutt, Plaintiff's Decedent's

cellmate, asked Defendant, OFFICER MORRIS, and the other named Defendant correctional officers for immediate medical attention and for a nurse for Plaintiff's Decedent. Mr. McNutt specifically told Defendant Officer Morris that Mr. Wise was "detoxing and complaining about his high blood pressure." Defendant, OFFICER MORRIS, told Mr. McNutt that he was new to job and couldn't help. Defendant, OFFICER MORRIS, and other Defendant correctional officers failed to notify the nurse or otherwise provide medical attention for Plaintiff's Decedent.

25.     On or about November 6, 2022, inmate, Pierre Crecy, requested immediate medical attention for Plaintiff's Decedent from an unknown Defendant correctional officer. Crecy specifically asked the unknown Defendant correctional officers to notify a nurse. The unknown Defendant correctional officers ignored Crecy's pleas and failed to get a nurse.

26.     Between November 1, 2022, and November 6, 2022, Defendant, JARED PETRUS and the other individually named Defendant Correctional Officers were responsible for conducting security checks on inmates on Pod 3b in thirty-minute intervals. Between October 1, 2022, and November 6, 2022, Defendant, JARED PETRUS and the other individually named Defendant Correctional Officers failed to conduct the security checks.

27.     On the evening of November 5, 2022, Plaintiff's Decedent was vomiting profusely while in his cell. Mr. McNutt pushed the emergency button to obtain medical attention for him. An individually named Defendant Correctional Officer, who sits at a desk just outside the pod, answered the emergency call. Mr. McNutt informed the Defendant Correctional Officer of the vomiting. The Defendant officer told Mr. McNutt that the vomiting did not constitute a medical emergency and disconnected the call.

28.     On the evening of November 6, 2022, Plaintiff's Decedent cellmate, Gregory McNutt, aggressively attempted to get the attention of Defendant, JARED PETRUS and other individually named Defendant Correctional Officers. Defendant, JARED PETRUS and other

8

individually named Defendant Correctional Officers intentionally ignored Mr. McNutt's attempts to obtain medical attention for Plaintiff's Decedent.

29.    Later in the evening of November 6, 2022, Mr. McNutt again attempted to get the attention of Defendant JARED PETRUS and other individually named Defendant Correctional Officers. Defendants again ignored Mr. McNutt's pleas for help.

30.    Between November 1, 2022, and November 6, 2022, Defendant, NURSE DAWN GRENOBLE and other individually named Defendant Nurses were responsible for the health of the inmates on Plaintiff's Decedent's tier. Mr. McNutt attempted to notify Defendant NURSE DAWN GRENOBLE and other Defendant Nurses of Plaintiff's Decedent's declining medical condition. Defendant, NURSE DAWN GRENOBLE and other Defendant Nurses ignored Mr. McNutt's pleas for help.

31.    Defendant Nurses at the Winnebago County Jail make two rounds per day distributing medications. Plaintiff's Decedent's declining medical condition and obvious alcohol withdrawal was apparent and evident to the Defendant Nurses.

32.    Later in the evening, on November 6, 2022, Gregory McNutt again attempted to alert Defendant, JARED PETRUS and other Defendant Correctional Officers to Plaintiff's Decedent's deteriorating medical condition. At that time, Gregory McNutt also attempted to alert Defendant, NURSE DAWN GRENOBLE and other Defendant Nurses to Plaintiff's Decedent's serious medical condition. Both Defendants, JARED PETRUS and NURSE DAWN GRENOBLE and other Defendant Correctional Officers and Defendant Nurses ignored McNutt's attempt to obtain medical intervention for Plaintiff's Decedent.

33.    On November 6, 2022, Mr. McNutt attempted to notify multiple Defendants of Plaintiff's Decedent's deteriorating medical condition and need for immediate medical care. It was only after Plaintiff's Decedent collapsed in his cell that Defendants, JARED PETRUS, BENY

RIVERA, OFFICER GAZANO, OFFICER CISNEROS, NURSE DAWN GRENOBLE, and NURSE SHANNON BAILEY entered his cell and found him unconscious on the cement floor.

34. All individually named Defendants made personal observations of Plaintiff's Decedent's deteriorating medical condition in the days prior to his collapse and death.

35. Despite having actual knowledge of Plaintiff's Decedent's deteriorating medical condition, Defendants failed to secure the appropriate medical attention for him.

36. Alcohol dependence syndrome is recognized as a chronic disease characterized by uncontrolled dependence on alcohol that can be dangerous or life threatening if untreated. Symptoms of alcohol withdrawal include, but are not limited to, shaking, sweating, headache, nausea, vomiting, convulsions, epileptic seizure and cardiac arrhythmias. With standard medical treatment and prevention, the symptoms of alcohol withdrawal can be managed in relatively safe manner. It is well known to all levels of medical professionals, as well as prison and jail staff, that if left untreated, or improperly treated, alcohol withdrawal can result in severe illness and/or death.

37. HIV is recognized as a viral infection that attacks the immune system and causes AIDS and can be dangerous or life threatening if untreated. It is well known to all levels of medical professionals that HIVS/AIDS is a serious medical condition that can result in death if untreated.

38. High blood pressure, or hypertension, untreated increases the risk of heart attack, stroke, and other health problems. It is well known to all levels of medical professionals that high blood pressure is a serious medical condition that can result in death or lead to other conditions that can cause death if untreated.

39. While in custody from October 31, 2022, through November 6, 2022, Plaintiff's Decedent's physical health condition continued to deteriorate each day and he exhibited escalating and obvious withdrawal symptoms to the extent that it was readily apparent to the individual Defendants that he was in serious need of medical attention.

40. The Defendants had actual notice of Plaintiff's Decedent's medical need and the seriousness of this medical needs.

41. As a direct result of all Defendants' misconduct, Plaintiff's Decedent experienced unnecessary pain and suffering, culminating in his death.

42. As a direct result of Defendants' misconduct, Plaintiff and Craig Wise suffered injury, including without limitation, extreme pain and suffering caused by the untimely death of their father, TED WISE.

## COUNT I
*14th Amendment*
*42 U.S.C. § 1983*
DELIBERATE INDIFFERENCE
(All Individual Defendants)

43. Plaintiff incorporates each Paragraphs of this Complaint as if fully restated herein.

44. At all relevant times, Plaintiff's Decedent had a constitutional right under the Fourteenth Amendment to the United States Constitution to be provided adequate medical care while in custody at the Winnebago County Jail.

45. Defendants were aware that Plaintiff's Decedent suffered from alcohol dependence syndrome, high blood pressure, and HIV/Aids while in the custody and care of the Winnebago County Jail, and that he required immediate medical attention and medication to address his serious and obvious medical needs.

46. Defendants were deliberately indifferent and consciously failed to take reasonable measures to provide Plaintiff's Decedent with treatment for his serious and objectively obvious medical and psychological needs, or alternatively, took actions that they knew would be ineffective and clearly inappropriate.

47. The defendants' above-described willful/wanton actions and omissions were

11

undertaken with malice and/ or reckless disregard of Plaintiff's Decedent's constitutional rights.

48.     As a direct and proximate result of one or more of the aforesaid constitutional violations of Defendants, Plaintiff's Decedent sustained catastrophic and debilitating injuries, and consciously suffered excruciating pain as a result of the same.

49.     As a direct and proximate result of one or more of the aforesaid constitutional violations of Defendants, Plaintiff's Decedent died on November 6, 2022.

50.     As a direct and proximate result of one or more of the aforesaid constitutional violations of Defendants, TED WISE's Estate and heirs have been permanently deprived of his love, companionship, services, care, comfort, guidance, support and/ or other damages of a personal and pecuniary nature, which he ably provided prior to November 6, 2022.

51.     As a direct result of TED WISE's death, TED WISE's Estate has incurred hospital expenses, funeral expenses, burial expenses, administration expenses, as well as attorney's fees.

52.     The misconduct described in this Count by these Defendants was undertaken pursuant to the policy and practice of the Defendants, WINNEBAGO COUNTY and WINNEBAGO COUNTY SHERIFF, GARY CARUANA, and in the manner more fully described below in Count III.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor and against the individual Defendants, jointly and severally, awarding compensatory and punitive damages, plus attorneys' fees and costs.

### COUNT II
*42 U.S.C. § 1983*
FAILURE TO INTERVENE
(All Individual defendants)

53.     Plaintiff incorporates each Paragraph of this Complaint as if fully restated

12

herein.

54.     In the manner described above and during the constitutional violations described herein, one or more of the Defendants stood by without intervening to prevent the violation of Plaintiff's Decedent's constitutional rights, even though they had the opportunity to do so.

55.     As a result of Defendants' failure to intervene to prevent violations of Plaintiff's Decedent's constitutional rights, TED WISE suffered pain and injury, emotional distress and eventually, death on November 6, 2022. Defendants had ample, reasonable opportunities to prevent this harm but failed to do so.

56.     The misconduct described in this Count was objectively unreasonable, undertaken intentionally and/or willfully and wantonly and in total disregard of Plaintiff's Decedent's Constitutional rights.

57.     As a result of the misconduct of the Defendants described in this Count, TED WISE and his Estate suffered severe injuries and compensatory damages.

58.     The misconduct described in this Count by these Defendants was undertaken pursuant to the policy and practice of the Defendants, WINNEBAGO COUNTY and WINNEBAGO COUNTY SHERIFF, GARY CARUANA, and in the manner more fully described below in County III.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor and against the individual Defendants, jointly and severally, awarding compensatory and punitive damages, plus attorneys' fees and costs.

### COUNT III
Monell – 42 U.S.C. §1983
(Winnebago County/Sheriff Caruana)

59.     Plaintiff incorporates each Paragraph of this Complaint as if fully restated

13

herein.

60.     A sheriff in any county in Illinois, such as Defendant, WINNEBAGO COUNTY SHERIFF, GARY CARUANA, is always the final policy-making authority over a county jail's operation, custody and supervision of its inmates/ detainees and provision of health care services to inmates/detainees.

61.     Winnebago County oversees and supervises funding for Winnebago County Sheriff's Office and the Winnebago County Jail.

62.     In October and November 2022, and for a period of time prior thereto, these Defendants had notice of a widespread practice by employees at the Winnebago County Jail under which detainees with serious medical conditions, such as Plaintiff's Decedent, were routinely denied access to proper or sufficient medication or medical attention.

63.     Around and before the time of Plaintiff's Decedent's death, it was extremely common to observe detainees at the Winnebago County Jail with clear symptoms of serious medical illnesses, injuries, or conditions who whose requests for medical care were routinely delayed or completely ignored.

64.     Specifically, there existed, around and before the time of Plaintiff's Decedent's death, a widespread practice at the Winnebago County Jail under which employees, including correctional officers and medical personnel, commonly failed, or refused to:

    a.     Have detainees examined by a doctor upon arrival;

    b.     Have detainees examined by a doctor while jailed;

    c.     Properly examine detainees with serious medical needs;

    d.     Provide proper and timely medication administration to detainees with

14

serious medical conditions;

    e.    Respond properly to detainees who exhibited obvious signs of serious medical conditions or illnesses;

    f.    Provide proper access to specialists for detainees who exhibited obvious signs of serious medical conditions or illnesses;

    g.    Properly and timely transfer to outside specialty and/ or emergency medical and psychological care; and

    h.    Provide appropriate testing to diagnose, with specificity, detainees' ailments when obvious signs of serious medical conditions or illnesses were exhibited.

65.    Examples of these widespread customs and polices of Defendants, WINNEBAGO COUNTY and WINNEBAGO COUNTY SHERIFF, GARY CARUANA, are as follows:

    a.    Survivors of inmate who died while in county jail, along with inmate's estate, brought § 1983 action against various county officials, alleging that their failure to administer proper medical care constituted cruel and unusual punishment, _Dunigan ex rel. Nyman v. Winnebago Cnty._, 165 F.3d 587 (7th Cir. 1999)

66.    These widespread practices were and are allowed to flourish because Defendants, WINNEBAGO COUNTY and WINNEBAGO COUNTY SHERIFF, GARY CARUANA, directly encouraged or approved and were thereby the moving force behind, the very type of misconduct at issue by failing to adequately train, supervise, and control correctional officers and medical personnel, and by failing to adequately punish and discipline prior instances of similar misconduct, thus directly encouraging future abuses such as those that caused Plaintiff's Decedent's injuries and death.

67.    The above-described widespread practices, so well-settled as to constitute de facto policy of the Defendants, WINNEBAGO COUNTY and WINNEBAGO COUNTY SHERIFF, GARY CARUANA, were able to exist and thrive because governmental policymakers with

authority over the same, i.e., Defendants, WINNEBAGO COUNTY and WINNEBAGO COUNTY SHERIFF, GARY CARUANA, exhibited deliberate indifference to the problem, thereby effectively ratifying it.

68.     The violations of Plaintiff's Decedent's constitutional rights were caused, in part, by the customs, policies and widespread practices of Defendants, WINNEBAGO COUNTY and WINNEBAGO COUNTY SHERIFF, GARY CARUANA.

69.     As a direct and proximate result of one or more of the aforesaid constitutional violations of Defendants, Plaintiff's Decedent sustained catastrophic and debilitating injuries, and consciously suffered excruciating pain as a result of the same.

70.     As a direct and proximate result of one or more of the aforesaid constitutional violations of Defendants, Plaintiff's Decedent died on November 6, 2022.

71.     As a direct and proximate result of one or more of the aforesaid constitutional violations of Defendants, Ted Wise's estate and heirs have been permanently deprived of his love, companionship, services, care, comfort, guidance, support and/ or other damages of a personal and pecuniary nature, which he ably provided prior to November 6, 2022.

72.     As a direct and proximate result of TED WISE's death, TED WISE's Estate has incurred hospital expenses, funeral expenses, burial expenses, administration expenses, as well as attorney's fees.

WHEREFORE, the Plaintiff respectfully requests that this Court enter judgment in her favor and against WINNEBAGO COUNTY and WINNEBAGO COUNTY SHERIFF, GARY CARUANA, awarding compensatory and punitive damages, plus attorneys' fees and costs.

## COUNT IV
### WILLFUL WANTON SUPERVISION
State Law Claim

73.     Plaintiff incorporates each Paragraph of this Complaint as if fully restated herein.

74.     The reasonable performance of an employer's duty to supervise all of its employees will put the supervisor on notice of an employee's conduct or perhaps prevent the employee's tortious conduct all together.

75.     Defendants, WINNEBAGO COUNTY SHERIFF, GARY CARUANA, ROBERT REDMOND, DR. MICHAEL KING, and KELLY ROSENBERGER had a duty to supervise all relevant Winnebago County Jail employees, including medical staff and nurses.

76.     The Defendants, WINNEBAGO COUNTY SHERIFF, GARY CARUANA, ROBERT REDMOND, DR. MICHAEL KING, and KELLY ROSENBERGER, failed to supervise all relevant Winnebago County Jail employees, including medical staff and nurses.

77.     The failure to supervise was willful/wanton.

78.     The willful/wanton supervision proximately caused the injuries to Ted Wise, his estate and heirs.

WHEREFORE, the Plaintiff respectfully requests that this Court enter judgment in her favor and against WINNEBAGO COUNTY SHERIFF GARY CARUANA, ROBERT REDMOND, DR. MICHAEL KING, and KELLY ROSENBERGER, awarding compensatory and punitive damages, plus attorneys' fees and costs.

**COUNT V**
WRONGFUL DEATH – 740 ILCS 180/2
(All Individual Defendants)

79.     Plaintiff incorporates each Paragraph of this Complaint as if fully restated herein.

80.     At all relevant times, the individual Defendants had a duty to Plaintiff's Decedent to refrain from willful and wanton acts or omissions which could cause suffering or death to Plaintiff's Decedent.

81.     As detailed above, the individual Defendants breached their duty to Plaintiff's Decedent by willfully and wantonly committing one, more, or all of the following acts or omissions:

    a.      Deliberately ignoring the serious medical needs of Plaintiff's Decedent;

    b.      Failing to provide access to adequate medical treatment for a serious condition of which they were aware.

    c.      Failing to provide timely and/or proper medical treatment for a serious condition of which they were aware.

    d.      Otherwise acting willfully and wantonly toward Plaintiff's Decedent, in total disregard to his serious medical needs.

82.     As a direct and proximate result of one or more of the foregoing grossly negligent, willful and wanton acts and/or omissions of the individual Defendants, Plaintiff's Decedent was caused to die on November 6, 2022.

83.     Plaintiff's Decedent left surviving him two children.

84.     By reason of the death of TED WISE, his heirs have been deprived of the support, comfort, protection, and society of Plaintiff's Decedent.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor and against the individual Defendants, jointly and severally, awarding compensatory and punitive damages, plus attorneys' fees and costs.

## COUNT VI
SURVIVAL ACTION--755 ILCS 5/27-6
(All Individual Defendants)

85.     Plaintiff incorporates each Paragraph of this Complaint as if fully restated herein.

86.     As a direct and proximate result of one or more of the foregoing negligent acts and/or omissions on the part of the individual Defendants, Plaintiff's Decedent was caused to experience pain and suffering from October 31, 2022 up to the time of his death on November 6, 2022.

87.     During this period of time, Plaintiff's Decedent was conscious and suffered great pain, agony and sickness prior to his death, proximately caused by the foregoing stated acts and/or omissions of the individual Defendants.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor and against the individual Defendants, jointly and severally, awarding compensatory and punitive damages, plus attorneys' fees and costs.

## COUNT VII
745 INDEMNIFICATION ILCS 10/9-102

88.     Plaintiff incorporates each paragraph of this Complaint as if fully restated herein.

89.     At all relevant times, Winnebago County and/or the Board of Trustees of the University of Illinois Chicago School of Medicine was the employer of all the individual Defendants.

90.     The individual Defendants committed the acts alleged above under the color of law and in the scope of their employment as employees of Winnebago County and/or the Board of Trustees of the University of Illinois Chicago School of Medicine.

91.     In Illinois, public entities are directed to pay for any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

92.     As a proximate cause of the individual Defendants' unlawful acts, which occurred within the scope of their employment, Plaintiff's Decedent and his Estate were injured.

WHEREFORE, should any of the individual Defendants be found liable on one or more of the federal claims set forth above, Plaintiff demands, pursuant to 745 ILCS 10/9-102, that Defendant, WINNEBAGO COUNTY, and the Board of Trustees be found liable for any compensatory judgment Plaintiff obtains against said Defendants, plus attorneys' fees and costs awarded and such other and additional relief that this Court deems equitable and just.

## COUNT VIII
### RESPONDEAT SUPERIOR

93.     Plaintiff incorporates each Paragraph of this Complaint as fully restated herein,

94.     In committing the acts alleged in the preceding paragraphs, all Defendants were agents of Winnebago County and/or the Board of Trustees were acting at all relevant times within the scope of their employment and under color of law.

95.     Winnebago County and/or the Board of Trustees is liable as principal for all torts committed by its agents.

WHEREFORE, should any of the individual Defendants be found liable on one or more of the state claims set forth in this complaint, Plaintiff demands that, pursuant to *respondeat superior*, Defendant, WINNEBAGO COUNTY, be found liable for any compensatory judgment Plaintiff obtains against said Defendant(s), as well as costs awarded.

## JURY DEMAND

Plaintiff hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all issues so triable.

Respectfully submitted,

STACEY WISE, Individually, and as Independent Administrator of the Estate of TED WISE, Deceased, by and through her attorneys,

*/s/ Jon Erickson*
Jon Erickson
jonericksonlaw@gmail.com
**Erickson Law, LLC**
155 N. Wacker Dr., Suite 4250
Chicago, IL 60606
Tel: (773) 875-4646

*/s/ Joshua M. Rappaport, Esq.*
Scott H. Rudin, Esq.
scott@mdr-law.com
Joshua M. Rappaport, Esq.
josh@mdr-law.com
**MDR LAW LLC**
180 North LaSalle Street, Suite 3650
Chicago, Illinois 60601
Tel: (312)-229-5555
Facsimile: (312)-229-5556
Service Email: service@mdr-law.com